# IN THE COURT OF APPEALS OF IOWA

No. 23-0141
Filed August 7, 2024

**EDWARD ANDRE GRAYSON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.

 Edward Grayson appeals from the district court order granting the State's motion for summary disposition of his postconviction-relief application. **AFFIRMED.**

 Edward A. Grayson, Fort Madison, self-represented appellant.

 Brenna Bird, Attorney General, Martha Trout and Thomas J. Ogden (until withdrawal), Assistant Attorneys General, for appellee State.

 Considered by Greer, P.J., Buller, J., and Danilson, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DANILSON, Senior Judge.**

Edward Grayson appeals from the district court order granting the State's motion for summary disposition of his latest application for postconviction relief (PCR).[1]  We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

In 1997, the district court sentenced Grayson to life in prison following his conviction for first-degree kidnapping.  The trial information stated that Grayson "drove two young women into rural Johnson County from Cedar Rapids against their will and sexually assaulted one of the women at gunpoint after hitting the other."

In his instant PCR application, Grayson claimed to have new videotape evidence and a new eyewitness that would undermine a detective's trial testimony regarding the location the assault took place, namely details relating to a road and gas station.  The State filed a pre-answer motion for summary disposition pursuant to Iowa Code sections 822.3, 822.6, and 822.8 (2022).  When ruling on the State's motion, the district court explained:

> Based on the pleadings in this case, the underlying trial record, and the court's review of the other applications for postconviction relief filed by [Grayson], the court concludes there is no genuine issue of material fact, and [the State] is entitled to judgment as a matter of law with respect to [Grayson]'s application. First, it appears the new evidence relied on by [Grayson] relates to issues he already has raised in his attempts at postconviction relief, particularly his post-trial filings in FECR041028.  Second, the pending application is far beyond the limitations period of section 822.3, and the court is not persuaded that there is a ground of fact that could not have been raised within the applicable limitations period.  With respect to the initial postconviction relief application

---

[1] Grayson filed at least seven prior PCR applications, though he requested dismissal of some of those applications.

(LACV059776), Grayson had access to the full trial record when he made his application, and at that time, he never raised any issue regarding the location of the gas station. In his application filed in PCCV073125, [Grayson] challenged Detective Scheetz's testimony, but still did not make any attempt to challenge the area of the crime, despite his knowledge that the gas station was part of the testimony in the underlying action. In his application filed in PCCV078854, [Grayson] raised the issue of the name of the gas station. [Grayson] clearly has been aware of issues regarding the location and the existence of the gas station since the criminal trial took place, and this is not newly discovered evidence. [Grayson] had the ability to pursue these issues in his prior actions challenging his conviction, and he was not successful in doing so. The same goes for the purported new eyewitness. This individual was known at the time of the criminal trial, and [Grayson] could have obtained information from her or about her testimony in the limitations period provided by section 822.3.

Grayson's PCR application is clearly beyond the three-year statute of limitations established in 822.3. And he does not present a viable ground-of-fact exception to that limitation because, as the district court explained, he could have raised his claims within the three years following his conviction. *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). The district court correctly granted the State's motion for summary disposition.[2]

**AFFIRMED.**

---

[2] We note Grayson filed a motion asking this court to take judicial notice of Iowa Code section 710.1. However "[w]e know of no requirement . . . [to] take judicial notice of our own state statutes when making a legal determination, nor has [Grayson] presented any authority for such a requirement." *In re Watt*, No. 14-2085, 2016 WL 4051346, at *6 (Iowa Ct. App. July 27, 2016).